**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

WJ HOLDING LIMITED and STUBRICK
LIMITED,

                    Plaintiffs,

    -against-

SHIREEN MARITIME LTD, MAZLIN TRADING
CORP., AMM CONSULTING AND
MANAGEMENT GROUP LLC, and
ALEXANDER SPIEGEL,

               Defendants.

Docket No. 1:19-cv-07426 (JGK)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND
THIS ACTION TO NEW YORK STATE SUPREME COURT PURSUANT TO
28 U.S.C. § 1447 AND FOR REASONABLE COSTS**

**SHER TREMONTE LLP**
Michael Tremonte
Yonatan Y. Jacobs
90 Broad Street, 23rd Floor
New York, New York
Tel: 212.202.2600
Email: yjacobs@shertremonte.com
*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ......................................................................................... 2

    The LCIA Arbitration ........................................................................................ 2

    The Florida Action ............................................................................................ 4

    The Federal Action ........................................................................................... 5

ARGUMENT .............................................................................................................. 5

I.     THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE UNDERLYING COMPLAINT DOES NOT CONCERN A FEDERAL QUESTION .................................................................................................... 7

II.    THE CASE SHOULD BE REMANDED BECAUSE DEFENDANTS HAVE WAIVED ANY RIGHT TO REMOVE THIS ACTION. ................................... 10

III.  THE CASE SHOULD BE REMANDED BECAUSE DEFENDANTS FILED THEIR NOTICE OF REMOVAL IN THE WRONG VENUE........................... 13

IV.  THE CASE SHOULD BE REMANDED BECAUSE THE NOTICE OF REMOVAL IS DEFECTIVE IN VIRTUALLY EVERY MATERIAL RESPECT. ....... 14

    A.    DEFENDANTS' ATTEMPTED REMOVAL IS UNTIMELY. .......... 15

    B.    DEFENDANTS FAILED TO FILE A COPY OF THE NOTICE OF REMOVAL WITH THE CLERK OF THE STATE COURT........................... 17

    C.    DEFENDANTS FAILED TO FILE COPIES OF ALL REQUIRED PAPERS. ...................................................................................... 18

V.    PLAINTIFFS ARE ENTITLED TO COSTS AND EXPENSES, INCLUDING ATTORNEYS FEES. ..................................................................................... 19

CONCLUSION......................................................................................................... 20

## TABLE OF AUTHORITIES

**Page(s)**

Cases

*Adames v. Taju*,
    80 F. Supp. 3d 465 (E.D.N.Y. 2015) ................................................................. 7

*Albaniabeg Ambient Sh.p.k. v. Enel S.p.A.*,
    169 F. Supp. 3d 523 (S.D.N.Y. 2016)................................................................. 8

*Beleos v. Life & Cas. Ins. Co. of Tenn.*,
    161 F. Supp. 627 (E.D.S.C. 1956) ................................................................... 18

*Beneficial Nat. Bank v. Anderson*,
    539 U.S. 1 (2003).............................................................................................. 7

*Burr ex rel. Burr v. Toyota Motor Credit Co.*,
    478 F. Supp. 2d 432 (S.D.N.Y. 2006).............................................................. 15

*Caires v. JP Morgan Chase Bank N.A.*,
    No. 16-CV-2694 (GBD) (RLE), 2016 WL 8673145 (S.D.N.Y. Nov. 4, 2016) .............. 14

*Calabro v. Aniqa Halal Live Poultry Corp.*,
    650 F.3d 163 (2d Cir. 2011).............................................................................. 20

*Christenson Media Grp., Inc. v. Lang Indus., Inc.*,
    782 F. Supp. 2d 1213 (D. Kan. 2011) ............................................................. 15

*Citigroup, Inc. v. Wachovia Corp.*,
    613 F. Supp. 2d 485 (S.D.N.Y. 2009)........................................................... 7, 8

*City of Albuquerque v. Soto Enterprises, Inc.*,
    864 F.3d 1089 (10th Cir. 2017) ....................................................................... 11

*Deveer v. Gov't Employees Ins. Co.*,
    No. 07-CV-4437 (JS) AKT, 2008 WL 4443260 (E.D.N.Y. Sept. 26, 2008)................... 18

*Doyle v. Staples*,
    No. 99-CV-6062(JG), 2000 WL 194685 (E.D.N.Y. Feb. 18, 2000) ............................... 17

*Employers-Shopmens Local 516 Pension Tr. v. Travelers Cas. & Sur. Co. of Am.*,
    No. 05-444-KI, 2005 WL 1653629 (D. Or. July 6, 2005) ................................. 14

*Franchise Tax Bd. v. Const. Laborers Vacation Trust*,
    463 U.S. 1 (1983), *report and recommendation adopted,* No. 06-14111-CIV,
    2007 WL 9754374 (S.D. Fla. Mar. 23, 2007), *aff'd,* 296 F. App'x 824 (11th Cir. 2008)... 8

*Gary v. City of New York*,
    No. 18 CIV. 5435 (ER), 2018 WL 5307096 (S.D.N.Y. Oct. 26, 2018) ...................... 6, 15

*Gomez v. D.B. Zwirn Special Opportunities Fund, L.P.*,
    No. 11-CV-21155 (KMM), 2011 WL 13223748 (S.D. Fla. July 6, 2011) ...................... 12

*Harris v. Brooklyn Dressing Corp.*,
    560 F. Supp. 940 (S.D.N.Y. 1983) .................................................................. 11

*Harvey v. City of Stuart*,
    No. 06-14111-CIV, 2006 WL 8433960 (S.D. Fla. Aug. 9, 2006) ...................................... 8

*Heafitz v. Interfirst Bank of Dallas*,
    711 F. Supp. 92 (S.D.N.Y. 1989) .................................................................. 12

*Hill v. Citicorp*,
    804 F. Supp. 514 (S.D.N.Y. 1992) ................................................................ 12

*Holzer v. Mondadori*,
    No. 12 CIV. 5234 (NRB), 2013 WL 1104269 (S.D.N.Y. Mar. 14, 2013) ........................ 9

*In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*,
    399 F. Supp. 2d 356 (S.D.N.Y. 2005) ............................................................... 7

*In re Oxycontin Antitrust Litig.*,
    821 F. Supp. 2d 591 (S.D.N.Y. 2011) ............................................................... 6

*Isaacs v. Grp. Health, Inc.*,
    668 F. Supp. 306 (S.D.N.Y. 1987) ................................................................ 11

*Jackson v. City of New Orleans*,
    No. CIV. A. 95-1340, 1995 WL 599046 (E.D. La. Oct. 10, 1995) ................................ 17

*Kanayama v. KESY LLC*,
    No. 14 CIV. 3405 JFK, 2015 WL 1433203 (S.D.N.Y. Mar. 30, 2015) ........................... 16

*Kisor v. Collins*,
    338 F. Supp. 2d 1279 (N.D. Ala. 2004) ........................................................... 14

*Longoria v. Cearley*,
    796 F. Supp. 997 (W.D. Tex. 1992) ................................................................. 7

*Lynch v. Waldron*,
 No. 05 CIV. 2274 (GEL), 2005 WL 1162453 (S.D.N.Y. May 17, 2005) ....................... 19

*Martin v. Franklin Capital Corp.*,
 546 U.S. 132 (2005)........................................................................................................ 20

*McKinnon v. Doctor's Assocs., Inc.*,
 769 F. Supp. 216 (E.D. Mich. 1991)............................................................................... 10

*Med. Coll. of Wisconsin Faculty Physicians & Surgeons v. Pitsch*,
 776 F. Supp. 437 (E.D. Wis. 1991)................................................................................. 15

*Mem'l Hosp. for Cancer & Allied Diseases v. Empire Blue Cross & Blue Shield*,
 No. 93 CIV. 6682 (JSM), 1994 WL 285518 (S.D.N.Y. June 27, 1994).......................... 20

*Merrell Dow Pharmaceuticals Inc. v. Thompson*,
 478 U.S. 804 (1986).......................................................................................................... 8

*Murphy v. Taber*,
 No. 1:06-CV-180 (FRB), 2007 WL 80962 (E.D. Mo. Jan. 8, 2007)............................... 18

No. 06-14111-CIV,
 2007 WL 9754374 (S.D. Fla. Mar. 23, 2007)................................................................... 8

*Peeters v. Mlotek*,
 No. CV 15-00835 (RC), 2015 WL 3604609 (D.D.C. June 9, 2015) ............................... 13

*People of State of Cal. v. Gibson-Rondon Corp.*,
 421 F. Supp. 149 (C.D. Cal. 1974) ................................................................................. 19

*Placek v. Shopoff*,
 No. 18-CV-4326 (VEC), 2018 WL 4572253 (S.D.N.Y. Sept. 24, 2018)........................ 13

*PT United Can Co. v. Crown Cork & Seal Co.*,
 138 F.3d 65 (2d Cir. 1998)............................................................................................... 13

*R & Q Reinsurance Co. v. Allianz Ins. Co.*,
 No. 15 CIV. 00166 LGS, 2015 WL 1279464 (S.D.N.Y. Mar. 20, 2015)........................ 11

*Raghavendra v. Stober*,
 No. 11 CIV-9251 (PAC) (HBP), 2012 WL 2324481 (S.D.N.Y. May 21, 2012) ............. 10

*Smith v. Ouimet*,
 No. 16-CV-184 (JLC), 2016 WL 3020825 (S.D.N.Y. May 19, 2016)............................ 13

iv

*Sovereign Bank, N.A. v. Lee*,
    968 F. Supp. 2d 515 (E.D.N.Y. 2013) ........................................................ 7, 10


**Statutes**

9 U.S.C. § 203 .................................................................................................... 8, 9

9 U.S.C. § 204 ....................................................................................................... 13

28 U.S.C. § 1367 ................................................................................................... 10

28 U.S.C. § 1441 ............................................................................................ 6, 8, 13

28 U.S.C. § 1446 .......................................................................................... *passim*

28 U.S.C. § 1447 ................................................................................................ 1, 19


**Other Authorities**

14C Fed. Prac. & Proc. Juris. § 3735 (Rev. 4th ed.) ........................................... 18

14C Fed. Prac. & Proc. Juris. § 3736 (Rev. 4th ed.) ........................................... 18

Plaintiffs WJ Holding Limited ("WJH") and Stubrick Limited ("Stubrick") respectfully submit this memorandum of law in support of their motion to remand this action to the New York State Supreme Court, Kings County (the "State Court"), and for costs and expenses, including attorney's fees.

## PRELIMINARY STATEMENT

After 27 months of litigation in the State Court, involving two complaints, two answers, two counterclaims, two replies, a motion to dismiss, several compliance conferences, and months of discovery, and after bringing identical claims in a Florida state court, Defendants suddenly surface in this Court, attempting to remove the underlying case (the "Removed Action") from the State Court. The attempted removal fails for several reasons. First, this Court lacks subject matter jurisdiction over the Removed Action — nothing in Plaintiffs' pleadings in the underlying case implicates a federal question. Second, by actively participating in the State Court proceedings for over two years, Defendants have waived any removal rights. Third, Defendants removed the case, which lies in Kings County, to the wrong court. Fourth, the purported removal is untimely, coming years after service of the initial pleadings in the State Court. Fifth, Defendants disregarded other statutory requirements for effecting removal, such as filing a copy of the Notice of Removal with the State Court. Finally, this removal is part of a larger forum-shopping scheme, in which Defendants are now involved in four separate actions in four separate courts — Kings County, Florida, and two actions in the Southern District of New York — seeking identical relief. Thus, the removal fails, and the case should be remanded.

This case involves a dispute between two old friends, Yuri Drukker and Alexander Spiegel, over Spiegel's investment in the Open-Joint Stock Company Bender Oil Extraction Plant ("Bender Oil"), a large vegetable oil extraction facility located in the Transdniestrian

region of Moldova.  Spiegel's companies, Defendants Shireen Maritime LTD ("Shireen") and

Mazlin Trading Corp. ("Mazlin"), executed loan agreements with Drukker's companies, WJH

and Stubrick, as part of an investment in Bender Oil, which was owned by WJH.  However, the

nature of the investment is in dispute.  The gravamen of Plaintiffs' claim is that Defendants

fraudulently induced Plaintiffs into entering the loan agreements, which were intended to be

convertible into an equity investment by Spiegel, and reneged on an oral agreement to assume

payments under the loans as part of Defendants' equity investment.  The Defendants, for their

part, have claimed that the loan agreements evidence a debt that Plaintiffs have failed to repay.

The parties have been litigating in the State Court for years to resolve these issues.

Defendants now seek to improperly remove the underlying action to this Court.  But, as will be

explained in detail below, there is no objective or good faith basis for removal.  Accordingly, the

Court should remand the case to the State Court and award Plaintiffs costs and expenses,

including attorney's fees.

## STATEMENT OF FACTS

**The LCIA Arbitration**

In November 2016, Shireen and Mazlin commenced arbitration proceedings against

Plaintiffs in the London Court of International Arbitration ("LCIA").  *See* Declaration of

Yonatan Y. Jacobs, dated September 6, 2019 ("Jacobs Decl.") ¶ 2; *id.* Ex. A, Complaint, filed

April 7, 2017 (the "Initial Complaint") ¶ 23.  Plaintiffs had been fraudulently induced into

entering the loan agreements, which included the clauses providing for arbitration in the LCIA.

*See id.* Ex. J, Plaintiffs' First Amended Complaint, filed July 9, 2019 (the "Amended

Complaint").  Although Plaintiffs entered a statement of defense in the LCIA proceedings, they

did not participate in fact-finding.  *See id.* Ex. B ¶¶ 45, 59.  On January 23, 2018, the LCIA

issued final awards (the "Arbitral Award") in favor of Mazlin and against Plaintiffs.[1]  *See id.*

**The State Court Action**

On April 7, 2017, while the LCIA proceedings were pending, Plaintiffs commenced the

underlying action in the State Court seeking declaratory and injunctive relief on the grounds that

the loan agreements were unenforceable.  *See* Jacobs Decl. ¶ 3.  The Initial Complaint alluded to

the pending arbitration but did not assert any federal claims.  *See id.* Ex. A.  On May 17, 2017,

Defendants moved to dismiss the Initial Complaint due to lack of personal jurisdiction, the

arbitration provisions, failure to state a claim, and *forum non conveniens*.  *See id.* ¶ 4.  On March

13, 2018, after the LCIA arbitration had concluded, the State Court denied Defendants' motion

to dismiss.  *See id.* ¶ 6.  On March 26, 2018, Defendants filed their answer, including a

counterclaim for breach of the loan agreements (the "Breach of Contract Counterclaim").  *See id.*

¶ 7, Ex. D.  This was a stand-alone counterclaim that did not seek confirmation of the Arbitral

Award, which had been issued two months prior.  Plaintiffs replied to the Breach of Contract

Counterclaim on April 17, 2018.  *See id.* ¶ 10.  On December 11, 2018, in the State Court,

Defendants made an unopposed motion to amend their answer and to interpose a new

counterclaim for confirmation of the Arbitral Award (the "Confirmation Counterclaim").  *See id.*

¶ 15.  On March 7, 2019, the State Court granted the unopposed motion and made the amended

answer effective as of December 11, 2018.  *See id.*  On March 27, 2019, Plaintiffs replied to the

Confirmation Counterclaim.  *See id.* ¶ 16.

On July 9, 2019, Plaintiffs filed and served the Amended Complaint in the State Court.

---

[1]     *See* Jacobs Decl. Ex. K, Notice of Removal, ¶¶ 13-14 for further explanation of the consolidation of the
Arbitral Award.

*See* Jacobs Decl. ¶ 20.  The Amended Complaint asserted state law causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, fraudulent inducement, civil conspiracy, and breach of fiduciary duty in connection with Defendants' fraud and breach of their oral agreement to assume liability for debts concerning their equity investment in Bender Oil.  *See id.* Ex. J.  All of these causes of action lie under New York law and do not implicate any federal question.  In light of the Breach of Contract Counterclaim — Defendants' previous attempt to seek relief on the loan agreements *outside* the bounds of the Arbitral Award — Plaintiffs were also constrained to request a judgment declaring that Plaintiffs are not liable under the fraudulently-induced loan agreements and that the loan agreements were part of a broader equity transaction.  Plaintiffs did not seek any relief of the Arbitral Award or any kind of relief that could implicate a federal question.

Throughout this period, the parties engaged in discovery in the State Court and subjected themselves fully to State Court's jurisdiction.  *See* Jacobs Decl. ¶¶ 8, 14, 17-19.  In March 2018, Defendants served deposition notices.  *See id.* ¶ 8.  In February 2019, the parties served requests for documents and interrogatories.  *See id.* ¶ 14.  In May 2019, Plaintiffs served their responses and objections to Defendants' demand for discovery and inspection.  *See id.* ¶ 17.  In June 2019, the parties exchanged documents in discovery, and Defendants responded to Plaintiffs' interrogatories.  *See id.* ¶ 18.  During discovery, the parties negotiated and were subject to several court orders regarding the nature and timing of discovery.  *See id.* ¶ 19.

**The Florida Action**

In April 2018, after Defendants had already interposed their Breach of Contract Counterclaim in the State Court, Mazlin commenced a new action against WJH, Stubrick, Drukker, and other individuals in the Circuit Court of the Eleventh Judicial Circuit in and for

4

Miami-Dade County, Florida (the "Florida Action").  *See* Jacobs Decl. ¶ 9.  The Florida Action

petitions for confirmation of the Arbitral Award, as well as additional relief for alleged

fraudulent transfers.  *See id.* Ex. E.  On May 16, 2018, Defendants in the Florida Action moved

to dismiss Mazlin's claims.  *See id.* ¶ 11.  While that motion was pending, on October 23, 2018,

the Court so-ordered an agreement between the parties abating the Florida Action pending final

resolution of the State Action.  *See id.* ¶ 13, Ex. G.  In circumvention of that order, Defendants

now seek identical relief in this action — that they are prohibited from seeking in the Florida

Action — and in yet another action they have since filed in the Southern District of New York.

**The Federal Action**

On August 8, 2019, Defendants filed their Notice of Removal.  *See* Jacobs Decl. ¶ 21.

The Notice of Removal stated that Defendants planned to initiate still another action to confirm

the Arbitral Award in this Court.  *See id.* Ex. K (hereafter "Notice of Removal").  On August 15,

2019, Defendants moved by order to show cause for injunctive and temporary relief against

Mazlin and Shireen and included in their filing a copy of a Verified Petition to Recognize and

Enforce Foreign Arbitration Awards, Case No. 1:19-cv-07652 (the "Federal Action").  *See id.* ¶

24, Ex. L.  The Federal Action constitutes Defendants' *third* action seeking the exact same relief

— confirmation of the Arbitral Award.  The Florida and State Court actions seeking the same

relief remain pending.  The removal to this Court means that Defendants are now seeking

identical relief in *four* separate courts — in three distinct jurisdictions — at the same time.

## ARGUMENT

This action should be remanded to the State Court because:  (a) this Court lacks subject

matter jurisdiction over the Removed Action; (b) Defendants have waived any removal rights by

actively participating in the Removed Action in State Court; and (c) the Notice of Removal is

highly defective, violating virtually every statutory requirement for removal, including removing the case to the wrong venue.  Moreover, Defendants continue to shop around — bringing identical claims in four distinct courts in three separate jurisdictions.[2]  Thus, there is no legal or good faith basis for removal.

Defendants filed their Notice of Removal pursuant to the removal statute, 28 U.S.C. §§ 1441(a) & (c), and 28 U.S.C. § 1446.  *See* Notice of Removal at 1.  "The Second Circuit has clearly explained that federal courts should construe this statute narrowly, resolving any doubts against removability, '[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments.'"  *Gary v. City of New York*, No. 18 CIV. 5435 (ER), 2018 WL 5307096, at *1 (S.D.N.Y. Oct. 26, 2018) (citation omitted); *see also In re Oxycontin Antitrust Litig.*, 821 F. Supp. 2d 591, 595 (S.D.N.Y. 2011) ("Federal courts are required to construe the removal statute narrowly, resolving any doubts against removability.  If the removing party cannot establish its right to removal by competent

---

[2]     The Notice of Removal falsely accuses the Plaintiffs of forum shopping.  But Plaintiffs have brought their claims exclusively in the State Court, and nowhere else.  In fact, it is Defendants who are engaged in transparent forum shopping.  The Notice of Removal reveals Defendants' intention to consolidate the Removed Action with the Federal Action, since brought by Defendants.  That action is now the *third* pending action brought by Defendants to confirm the Arbitral Award in the *third* separate jurisdiction.  Defendants previously brought the Florida Action to confirm the Arbitral Award.  When the Florida Court abated that action pending the resolution of the underlying State Court action, Defendants brought a counterclaim to confirm the Arbitral Award in the State Court.  Now, Defendants have brought a *third* pending action to confirm the *very same* Arbitral Award in this Court, which they hope to consolidate with this action, which would constitute a *fourth* bite at the apple.  This brazen forum shopping evidences Defendants' bad faith in attempting to remove this case by harassing Defendants in multiple jurisdictions simultaneously.

proof, the removal is improper, and the district court must remand the case to the court in which it was filed.") (citations omitted); *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 399 F. Supp. 2d 356, 362 (S.D.N.Y. 2005) ("When a party challenges the removal of an action from state court, the burden falls on the removing party to establish its right to a federal forum by competent proof.") (internal quotation marks and citations omitted).  For the following reasons, Defendants fail to meet their burden.  Accordingly, the case should be remanded to the State Court, and costs awarded to Plaintiffs, including attorney's fees.

## I.  THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE UNDERLYING COMPLAINT DOES NOT CONCERN A FEDERAL QUESTION.

The Court should remand the case because the Court lacks subject matter jurisdiction. This is because the Amended Complaint does not assert a federal question; thus, it could not have been brought in federal court.  Moreover, the Notice of Removal fails to allege that Plaintiffs' claims assert a federal question.  Courts "must address jurisdictional questions before reaching the merits." *Adames v. Taju*, 80 F. Supp. 3d 465, 467 (E.D.N.Y. 2015).  "Removing defendants generally have the burden to show that the federal court would have jurisdiction over the lawsuit if the plaintiff initially sued in federal court."  *Longoria v. Cearley*, 796 F. Supp. 997, 1001 (W.D. Tex. 1992); *see also Sovereign Bank, N.A. v. Lee*, 968 F. Supp. 2d 515, 517 (E.D.N.Y. 2013) ("When deciding whether a case has been properly removed, the court considers whether the plaintiff would have been entitled, in the first instance, to commence the case in federal court.") (citation omitted).  "As a general rule, absent diversity jurisdiction,[3] a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Citigroup, Inc. v. Wachovia Corp.*, 613 F. Supp. 2d 485, 489-90 (S.D.N.Y. 2009) (same).  "To establish removal jurisdiction based on a

---

[3]      Defendants do not allege that their purported removal is based upon diversity jurisdiction.

federal question under 28 U.S.C. § 1441(a), *federal subject matter jurisdiction must be established within the four corners of the plaintiff's complaint*."  *Harvey v. City of Stuart*, No. 06-14111-CIV, 2006 WL 8433960, at *4 (S.D. Fla. Aug. 9, 2006) (emphasis added), citing *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983) ("[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law."), *report and recommendation adopted,* No. 06-14111-CIV, 2007 WL 9754374 (S.D. Fla. Mar. 23, 2007), *aff'd,* 296 F. App'x 824 (11th Cir. 2008).

Here, the Amended Complaint asserts only causes of action based on state law, not federal law.  This is patently insufficient to support federal jurisdiction because "the plaintiff is the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Citigroup, Inc.*, 613 F. Supp. 2d at 490; *see also Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809, n.6 (1986) (noting that "jurisdiction may not be sustained on a theory that the plaintiff has not advanced").  Defendants cannot — and do not even attempt to — establish that the Plaintiffs could have brought their state law claims in federal court.  Thus, Defendants fail to meet their burden to show that the federal court has subject matter jurisdiction over the Removed Action.  Accordingly, the case should be remanded.

Defendants ostensibly rely on 9 U.S.C. § 203, which grants federal courts original subject matter jurisdiction under limited circumstances involving international arbitral awards.  But Section 203 is unavailable here because Plaintiffs have not taken any of the limited actions relating to an international arbitral award that may confer federal subject matter jurisdiction on this Court.  *See Albaniabeg Ambient Sh.p.k. v. Enel S.p.A.*, 169 F. Supp. 3d 523, 528-29 (S.D.N.Y. 2016) ("[T]he Second Circuit has interpreted [Section 203] narrowly, limiting it to actions to compel, confirm, or vacate an arbitral award and several other measures ... in aid of an

arbitration." ) (internal quotation marks omitted); *Holzer v. Mondadori*, No. 12 CIV. 5234 (NRB), 2013 WL 1104269, at *6 (S.D.N.Y. Mar. 14, 2013) ("[W]hile section 203 of the FAA provides the requisite statutory grant of jurisdiction, the Second Circuit has interpreted that grant narrowly, limiting it to actions to compel, confirm, or vacate an arbitral award.").  Here, the Removed Action is not a petition to confirm or vacate an arbitral award, nor do any of the other limited exceptions apply.  Moreover, the Notice of Removal itself does not assert that the Removed Action implicates Section 203.[4]  Accordingly, the Court lacks subject matter jurisdiction to hear the Removed Action.

Defendants attempt to support their assertion that this Court has federal jurisdiction by improperly relying on their own litigation tactics — not in the State Court, but in the Southern District of New York.  The Notice of Removal states that "Defendant Mazlin is concurrently filing in this Court a Petition to Recognize and Enforce [the Arbitral Award] pursuant to the . . . New York Convention."  Notice of Removal ¶ 2.  Then, based only on Defendants' own potential petition — which was not filed until a week *after* Defendants filed their Notice of Removal and which has yet to be served on Plaintiffs — Defendants assert that "this Court has original jurisdiction over this action pursuant to 9 U.S.C. § 203."  Notice of Removal ¶ 3.  In other words, Defendants' entire support for their argument that this Court has federal subject

---

[4]    The Notice of Removal merely asserts, vaguely and without explanation, that the State Court "litigation . . . has evolved into a de facto appeal against the [Arbitral Awards]."  Notice of Removal ¶ 1.  This is incoherent because Defendants concede that the Initial Complaint, which *preceded* the issuance of the Arbitral Awards, sought declaratory relief associated with the loan agreements.  *See* Notice of Removal ¶ 8.  The Amended Complaint merely does the same thing, while adding state fraud, breach of contract, and tort claims.  The Amended Complaint does not seek to confirm or vacate the Arbitral Award or to compel arbitration.

matter jurisdiction derives not — as it must — from Plaintiffs' claims in the State Court, but from Defendants' own, independent, federal court action that Defendants, at the time of removal, asserted they were planning to file and later consolidate with this action.

This argument is baseless and contrived because Defendants' own related potential federal action cannot be the source of subject matter jurisdiction over the Removed Action.  *See Sovereign Bank, N.A.*, 968 F. Supp. 2d at 518 ("Nor does the presence of an allegedly related federal action form a proper basis for removal of a state court action. While the supplemental jurisdiction statute allows a district court to exercise jurisdiction over claims that are 'so related' that they 'form part of the same case or controversy,' 28 U.S.C. § 1367, that statute cannot form the basis for removal."); *Raghavendra v. Stober*, No. 11 CIV-9251 (PAC) (HBP), 2012 WL 2324481, at *8 (S.D.N.Y. May 21, 2012), *report and recommendation adopted*, No. 11 CIV-9251 (PAC) (HBP), 2012 WL 2334538 (S.D.N.Y. June 18, 2012) ("[S]upplemental jurisdiction cannot supply the original jurisdiction needed to remove a state court complaint ...— [sic] 'even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient.'") (citation omitted).  For those reasons, removal is improper for lack of subject matter jurisdiction.  Accordingly, the case should be remanded to the State Court.

## II.    THE CASE SHOULD BE REMANDED BECAUSE DEFENDANTS HAVE WAIVED ANY RIGHT TO REMOVE THIS ACTION.

This case should be remanded to the State Court because Defendants have waived any right to remove this action by actively litigating the State Court action.  "[A] 'waiver will occur if the defendant files a permissive pleading seeking affirmative relief or takes affirmative action resulting in an adjudication on the merits of an issue which could result in the dismissal of the action in whole or in part.'"  *McKinnon v. Doctor's Assocs., Inc.*, 769 F. Supp. 216, 218 (E.D.

Mich. 1991) (citation omitted).  Defendants, in the underlying action, have: (a) made a motion to dismiss on the merits, which was fully adjudicated; (b) answered the Initial Complaint and asserted counterclaims; (c) amended their answer and asserted new counterclaims; and (d) participated in discovery.  Each of these steps that Defendants have actively taken in State Court constitutes a waiver of any removal rights.

Here, Defendants have asserted multiple permissive pleadings in the State Action.  Each of these counterclaims constitutes a distinct waiver of removal rights.  *See Harris v. Brooklyn Dressing Corp.*, 560 F. Supp. 940, 942 (S.D.N.Y. 1983) ("[A] party who voluntarily submits to the jurisdiction of a state court by filing a permissive counterclaim thereby waives the right of removal."); *R & Q Reinsurance Co. v. Allianz Ins. Co.*, No. 15 CIV. 00166 LGS, 2015 WL 1279464, at *2 (S.D.N.Y. Mar. 20, 2015) ("[A] party may waive its right of removal, even if it can show that all jurisdictional requirements have been met.  Specifically, 'a party who voluntarily submits to the jurisdiction of a state court by filing a permissive counterclaim … waives the right of removal.'") (citation omitted); *Isaacs v. Grp. Health, Inc.*, 668 F. Supp. 306, 308 (S.D.N.Y. 1987) ("'A party who voluntarily submits to the jurisdiction of a state court by filing a permissive counterclaim thereby waives the right to removal' .... The rationale for this long-standing policy is that a defendant who asserts a permissive counterclaim in a state court becomes a plaintiff in turn, invoking the jurisdiction of the court in the same action, and, by invoking it, submits to it.") (citations omitted).  Therefore, Defendants have waived any removal rights.  Accordingly, the action should be remanded to the State Court.

Defendants also made a motion to dismiss, which was adjudicated on the merits.  This, too, requires remand.  *See City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1099 (10th Cir. 2017), *cert. denied sub nom. Soto Enterprises, Inc. v. City of Albuquerque, N.M.*, 138

11

S. Ct. 983, 200 L. Ed. 2d 249 (2018) ("We hold that when a defendant files a motion to dismiss seeking disposition, in whole or in part, on the merits in state court before removing the case to federal court, it manifests a 'clear and unequivocal' intent to submit the case to the state court's jurisdiction, and thus waives removal."); *Heafitz v. Interfirst Bank of Dallas*, 711 F. Supp. 92, 97 (S.D.N.Y. 1989) ("The filing of the motion [to dismiss] unequivocally indicated an intent to litigate the matter in state court.  The [removing party] elected to litigate in state court, thereby waiving its right to remove the action.  Plaintiff's motion for remand to Supreme Court, New York County, is granted."); *Hill v. Citicorp*, 804 F. Supp. 514, 517 (S.D.N.Y. 1992) ("[T]he fact that defendants initiated a motion to dismiss for *forum non conveniens,* which addresses the merits of the case and in this instance was dispositive, means that they have waived their right to remove").  For this reason, too, Defendants have waived any removal rights.  Accordingly, the action should be remanded.

Moreover, Defendants have waived any right to remove this action because Mazlin is litigating the very same issues in the abated Florida Action.  *See Gomez v. D.B. Zwirn Special Opportunities Fund, L.P.*, No. 11-CV-21155 (KMM), 2011 WL 13223748, at *3 (S.D. Fla. July 6, 2011) ("As such, this Court fails to see how [the removing party] can claim a right to remove the Instant Case to this Court while continuing to litigate the very same matter [in a related case] as a plaintiff in Miami-Dade County Circuit Court." ).  Here, Defendants assert, as their basis for removal, that Mazlin is filing a petition for confirmation of the Arbitral Awards.  *See* Notice of Removal ¶ 2.  In the Florida Action, Mazlin is seeking identical relief.  Thus, Defendants have waived any right to remove this action.  Accordingly, the Court should remand this action.

Finally, Defendants have waived any removal right by actively participating in the State Court litigation for the last 27 months, including moving to dismiss, making discovery requests,

producing documents, and agreeing to deposition schedules.  Federal courts have held that

litigating a matter for 16 months constitutes a waiver of removal by submitting to the jurisdiction

of the state court.  *See Peeters v. Mlotek*, No. CV 15-00835 (RC), 2015 WL 3604609, at *2

(D.D.C. June 9, 2015) (holding that where the "case has reached an advanced stage before the

[state court, and the removing party] has litigated this case for the past sixteen months, seeking

discovery [and] filing a motion to dismiss . . . and proceeding to the eve of trial, [the removing

party] has waived any right to removal.").  Therefore, for this reason, too, Defendants have

waived any removal rights.  Accordingly, this action should be remanded to the State Court.

## III.   THE CASE SHOULD BE REMANDED BECAUSE DEFENDANTS FILED THEIR NOTICE OF REMOVAL IN THE WRONG VENUE.

The case should be remanded for the additional reason that Defendants have sought to

remove this case to the wrong venue.[5]  Venue for removed cases is governed by 28 U.S.C. §

1441, upon which the Notice of Removal explicitly relies.  *See* Notice of Removal at 1, ¶ 4, 9.

"This 'removal statute properly fixes federal venue in 'the district court ... for the district and

division embracing the place where [the removable state] action is pending.'"  *Smith v. Ouimet*,

No. 16-CV-184 (JLC), 2016 WL 3020825, at *2 (S.D.N.Y. May 19, 2016) (citation omitted);

*Placek v. Shopoff*, No. 18-CV-4326 (VEC), 2018 WL 4572253, at *2 (S.D.N.Y. Sept. 24, 2018)

---

[5]      The Notice of Removal asserts, without elaboration, that venue is proper, *inter alia*, under "9 USCA §

204."  Notice of Removal ¶ 5.  But the Notice of Removal relies on the removal statute, 28 U.S.C. §§ 1441(a) & (c),

and 28 U.S.C. § 1446, to support removal.  *See* Notice of Removal at 1, ¶ 4, 9.  When removal is based on §§ 1441

and 1446, "the removal statute . . . governs venue in removed cases.  Thus, a party may challenge removal as itself

improper, or as having been made to the wrong district court if the case was removed to a district court other than

that 'embracing' the state court in which the action was brought."  *PT United Can Co. v. Crown Cork & Seal Co.*,

138 F.3d 65, 72 (2d Cir. 1998).

("[V]enue for such a case is proper in the District Court that embraces the state court from which the case was removed.").

Here, the underlying case lies in Kings County, which is located within the jurisdiction of the Eastern District of New York, not the Southern District of New York.  To be effective, the Notice of Removal must have been filed "in the district court of the United States for the district and division within which such action is pending."  28 U.S.C.A. § 1446(a) (West).  Therefore, it is well-settled that "[a]n action may *only* be removed to the district court for the district in which the state action is pending."  *Caires v. JP Morgan Chase Bank N.A.*, No. 16-CV-2694 (GBD) (RLE), 2016 WL 8673145, at *2 (S.D.N.Y. Nov. 4, 2016) (emphasis added), *report and recommendation adopted,* No. 16-CIV-2694 (GBD) (RLE), 2017 WL 384696 (S.D.N.Y. Jan. 27, 2017).  Consequently, Defendants were required to file their Notice of Removal in the Eastern District of New York, not in this Court.  Because Defendants failed to follow this statutory requirement, the case should be remanded to the State Court.

## IV.  THE CASE SHOULD BE REMANDED BECAUSE THE NOTICE OF REMOVAL IS DEFECTIVE IN VIRTUALLY EVERY MATERIAL RESPECT.

The Court should remand this case for the additional reason that the Notice of Removal is nearly completely defective.[6]  Beyond removing the case to the wrong venue, the Notice of Removal is defective because it:  (a) was untimely filed; (b) Defendants failed to file a copy of it

---

[6]      Defendants may not cure these defects because their time to do so has elapsed.  *See Employers-Shopmens Local 516 Pension Tr. v. Travelers Cas. & Sur. Co. of Am.*, No. 05-444-KI, 2005 WL 1653629, at *4 (D. Or. July 6, 2005) (holding that "any defect in removal procedure must be cured within the 30–day removal period or it is fatal to the removal"); *Kisor v. Collins*, 338 F. Supp. 2d 1279, 1281 (N.D. Ala. 2004) ("This court, sitting as a court of limited jurisdiction, cannot ignore a manifest procedural defect that a plaintiff has expressly complained about just because the defect was inadvertent or because the removing defendant tenders a belated correction.").

with the State Court; and (c) Defendants failed to include copies of all prior orders. "While a procedural defect in removal does not deprive a federal court of jurisdiction, all doubts as to the procedural validity of removal will be resolved in favor of remand." *Gary*, 2018 WL 5307096, at *2. "It is quite clear that procedural defects may be the basis of a remand order." *Christenson Media Grp., Inc. v. Lang Indus., Inc.*, 782 F. Supp. 2d 1213, 1218 (D. Kan. 2011). Thus, the case should be remanded to the State Court.

### A.   DEFENDANTS' ATTEMPTED REMOVAL IS UNTIMELY.

The Removed Action should be remanded because the attempted removal is untimely. Defendants were required to file their Notice of Removal within 30 days after they received "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C.A. § 1446(b) (West); *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006) ("[T]he statutory time limit is mandatory ... [and] absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement.") (alterations in original) (citation omitted); *Med. Coll. of Wisconsin Faculty Physicians & Surgeons v. Pitsch*, 776 F. Supp. 437, 439 (E.D. Wis. 1991) ("Failure to remove within the 30-day period waives the removal right . . ."). However, the initial pleading setting forth the claim for relief upon which this action is based is the Initial Complaint that was received by Defendants no later than May 17, *2017*, when Defendants filed their motion to dismiss in the State Court. Thus, Defendants' purported removal is more than *two years* tardy. Therefore, the Notice of Removal is defective. Accordingly, the case should be remanded.

Defendants assert in their Notice of Removal that the purported removal is timely under § 1446(b)(1) because the Notice of Removal was filed within thirty days of receiving the *Amended* Complaint. This argument fails because the Amended Complaint is, by definition, not the

"*initial* pleading setting forth the claim for relief upon which such action or proceeding is based," as required by § 1446(b)(1). *See* 28 U.S.C.A. § 1446(b)(1) (West) (emphasis added). Accordingly, under § 1446(b)(1), the Notice of Removal is untimely.  Thus, the Court should remand the case.

The Notice of Removal also cites to 28 U.S.C.A. § 1446(b)(3), without quoting the relevant language.  This omission is telling because nothing in this section permits removal within 30 days of receipt of the Amended Complaint.  Under § 1446(b)(3), only "if the case stated by the initial pleading is *not removable*, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper *from which it may first be ascertained* that the case is one which is or has become removable."  28 U.S.C.A. § 1446(b)(3) (West) (emphases added).  Therefore, for Defendants to rely on this section, they must demonstrate both that (a) the Initial Complaint is not removable and (b) that the Amended Complaint is the paper "from which it may first be ascertained that the case is one which is or has become removable."  *Id.*; *see also Kanayama v. KESY LLC*, No. 14 CIV. 3405 JFK, 2015 WL 1433203, at *3 (S.D.N.Y. Mar. 30, 2015).

But the Notice of Removal fails to make any assertions in support of these two propositions.  First, Defendants do not assert that the Initial Complaint is not removable, and for good reason.  This would defeat their assertion that removal is permissible under § 1446(b)(1), which relates to the *initial* pleading.  Second, the Amended Complaint is not removable because it does not assert any federal claims, and the Notice of Removal fails to assert anything to the contrary.  Third, there is nothing in the Amended Complaint from which it may be *first* ascertained that the case is removable.  The Amended Complaint does reference the LCIA arbitration, but so does the Initial Complaint.  Therefore, if the Amended Complaint were held to

16

be removable on that basis — and it should not be — the Initial Complaint is similarly

removable.  Thus, the Amended Complaint could not be the "first" paper from which it could be

ascertained that the case is removable.  Consequently, Defendants cannot rely on § 1446(b)(3),

and their Notice of Removal is untimely.  Accordingly, the case should be remanded to the State

Court.

### B.     DEFENDANTS FAILED TO FILE A COPY OF THE NOTICE OF REMOVAL WITH THE CLERK OF THE STATE COURT.

Defendants' purported removal is ineffective for the additional reason that they failed to

file a copy of the Notice of Removal with the State Court.  *See* Jacobs Decl. ¶ 22.  Under 28

U.S.C.A. § 1446(d), "*Promptly* after the filing of such notice of removal of a civil action the

defendant or defendants shall give written notice thereof to all adverse parties and *shall file a*

*copy of the notice with the clerk of such State court, which shall effect the removal* and the State

court shall proceed no further unless and until the case is remanded."  28 U.S.C.A. § 1446(d)

(West) (emphases added).  Therefore, Defendants failed to follow the clear statutory

requirement.  Moreover, Defendants' failure is not due to simple unawareness of the statutory

requirement, but rather to egregious carelessness.  The Notice of Removal, filed on August 8,

2019, itself asserts that "[a] copy of this Notice of Removal will also be filed with the Clerk of

the Supreme Court of New York, Kings County."  Notice of Removal ¶ 30.  Nevertheless,

Defendants have failed to file their Notice of Removal with the State Court promptly, or at all.

"Courts 'have uniformly recognized that failure to provide 'prompt' notice is a proper

basis for remand.'"  *Jackson v. City of New Orleans*, No. CIV. A. 95-1340, 1995 WL 599046, at

*1 (E.D. La. Oct. 10, 1995) (citation omitted); *see also Doyle v. Staples*, No. 99-CV-6062(JG),

2000 WL 194685, at *2 (E.D.N.Y. Feb. 18, 2000) (concluding that "a remand is appropriate

because of the defendant's failure to comply with 28 U.S.C § 1446(d)'s requirement of

"prompt[ ]" notice to adversaries") (citation omitted); § 3735 Procedure for Removal—Filing
and Notification of the Notice of Removal, 14C Fed. Prac. & Proc. Juris. § 3735 (Rev. 4th ed.)
("[T]he court may order remand when the defendants have unduly delayed in giving notice to the
adverse parties.").

Moreover, in the absence of following this requirement, the purported removal has not
been effected. *See Beleos v. Life & Cas. Ins. Co. of Tenn.*, 161 F. Supp. 627, 628 (E.D.S.C.
1956) (holding that filing the notice (then, petition) of removal with the state court clerk is a
"mandatory condition[] precedent to the termination of jurisdiction of the State Court and the
assumption of it by the Federal Court"); *Murphy v. Taber*, No. 1:06-CV-180 (FRB), 2007 WL
80962, at *1 (E.D. Mo. Jan. 8, 2007) ("[U]ntil the requirements of § 1446 are fulfilled the state
court retains jurisdiction over the case, and the federal court does not have subject matter
jurisdiction over it."); § 3736 Procedure for Removal—When Removal is Effective; Further
Proceedings in State Court, 14C Fed. Prac. & Proc. Juris. § 3736 (Rev. 4th ed.) ("Accordingly,
the sounder rule, and the one most consistent with the language of Section 1446(d) of Title 28, is
that removal is not effective until the defendant has taken all the steps required by the federal
statute."); *cf. Deveer v. Gov't Employees Ins. Co.*, No. 07-CV-4437 (JS) AKT, 2008 WL
4443260, at *3 (E.D.N.Y. Sept. 26, 2008) (finding "that the Notice of Removal was effective as
of the date Defendant first mailed the Notice of Filing to the clerk of the state court").  Because
removal has not been properly effected, the case should be remanded to the State Court.

## C.   DEFENDANTS FAILED TO FILE COPIES OF ALL REQUIRED PAPERS.

The Notice of Removal is defective for the additional reason that Defendants failed to file
with this Court, along with their Notice of Removal, "a copy of all process, pleadings, and orders
served upon such defendant or defendants in such action."  28 U.S.C.A. § 1446(a) (West).  Just

18

as with the requirements for venue, timeliness, and service of the Notice of Removal on the State

Court, Defendants have disregarded this statutory requirement.  On March 14, 2018, Defendants

were served with a copy of the decision and order of Hon. Loren Baily-Schiffman, dated March

13, 2018, denying the motion to dismiss.  *See* Jacobs Decl. ¶ 6.  However, Defendants failed to

include a copy of this order with their Notice of Removal.  *Id.* ¶ 23.  Defendants also failed to

include copies of either of the two replies served on Defendants in the Removed Action.  *Id.* ¶¶

10, 16.  This defect, along with all the others, is in clear violation of the statutory requirements.

*See People of State of Cal. v. Gibson-Rondon Corp.*, 421 F. Supp. 149, 149 (C.D. Cal. 1974)

(remanding the case where the removing party, *inter alia*, "has failed to file in the District Court

of the United States a copy of all process, pleadings and orders served upon it in the State

criminal prosecution").  Defendants' near total carelessness in attempting to remove this case

demonstrates a lack of the good faith required of litigants and their counsel by all courts.  For all

of these reasons, the Court should remand this action to the State Court.

**V.      PLAINTIFFS ARE ENTITLED TO COSTS AND EXPENSES, INCLUDING
         ATTORNEYS FEES.**

        Plaintiffs are entitled to statutory expenses and costs, including attorney's fees, because

Defendants acted without due care in attempting to effect removal.  When a case is remanded,

the party seeking remand may be entitled to "just costs and any actual expenses, including

attorney fees, incurred as a result of the removal."  *Lynch v. Waldron*, No. 05 CIV. 2274 (GEL),

2005 WL 1162453, at *2 (S.D.N.Y. May 17, 2005) (awarding costs and fees, *inter alia*, because

"the untimeliness of the filing, and the removal to an incorrect district, suggest that defendant

and his counsel acted with less than due care in filing the notice of removal"); 28 U.S.C.A. §

1447(c) (West).  "[T]he standard for awarding fees should turn on the reasonableness of the

removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only

where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  An award of attorney's fees and costs is "fair and equitable" where, as here, a "petition for removal was 'legally defective' and did suffer from a 'jurisdictional defect.'"  *Mem'l Hosp. for Cancer & Allied Diseases v. Empire Blue Cross & Blue Shield*, No. 93 CIV. 6682 (JSM), 1994 WL 285518, at *1 (S.D.N.Y. June 27, 1994).

Here, the removal was objectively unreasonable because: (a) the Court lacks subject matter jurisdiction over the state law claims pled by Plaintiffs; (b) the purported subject matter jurisdiction is based, improperly, upon Defendants' own, later-filed federal court claims; (c) Defendants have waived any removal rights by participating in the State Action; (d) the removal was made in the wrong venue; (e) the removal was untimely; and (f) additional statutory requirements were ignored or disregarded.  *See Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (affirming the district court's award of attorney's fees and costs because the purported basis for federal question jurisdiction — the removing party's raising of federal questions in its responsive pleadings — "was objectively unreasonable").  Accordingly, the Court should exercise its discretion to award Plaintiffs expenses and costs, including attorney's fees, associated with the removal of this case.  Plaintiffs are prepared to submit documentation of their costs and attorney fees for consideration by the Court.

## CONCLUSION

The case should be remanded because the Court lacks subject matter jurisdiction, Defendants have waived any removal right by participating in State Court proceedings, and Defendants disregarded virtually every statutory requirement of removal.  Moreover, the attempted removal is in furtherance of brazen forum shopping — Defendants are now seeking identical relief in four separate courts: the State Court, the Florida Court, this Court, and the

Southern District Court in which they filed their petition to confirm the Arbitral Award.  Under these extraordinary circumstances, there is no objective or good faith basis for removal. Accordingly, Plaintiffs respectfully request that the Court remand the case to the State Court and award Plaintiffs their costs and expenses, including attorney's fees, resulting from this improper and highly defective removal.

Dated: New York, New York
September 5, 2019

**SHER TREMONTE LLP**

By: /s/Yonatan Y. Jacobs
Michael Tremonte
Yonatan Y. Jacobs
90 Broad Street, 23rd Floor
New York, New York 10004
Tel: 212.202.2600
yjacobs@shertremonte.com
*Attorneys for Plaintiffs*

21

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned counsel of record for Plaintiffs WJ Holding Limited and Stubrick Limited certifies pursuant to Individual Rule 2.D. of this Court's practices that the foregoing brief contains 6,791 words, excluding the parts of the brief exempted by Individual Rule 2.D., according to the Word Count feature on Microsoft Word 2016; and that the brief complies with all other formatting requirements specified in Individual Rule 2.D.


Dated:  New York, New York
        September 5, 2019


                                        /s/Yonatan Y. Jacobs